# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY K. ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1197-MTS |
| | ) | |
| TOWN AND COUNTRY | ) | |
| MUNICIPAL CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff Jeremy K. Ross for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court has carefully reviewed plaintiff's complaint and for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On November 9, 2022, plaintiff filed the instant action on this Court's 'Complaint for Violation of Civil Rights (Non-Prisoner Complaint)' form against two defendants: (1) Town and Country Municipal Center; and (2) the State of Missouri. Doc. [1]. Plaintiff asserts he is bringing his claims pursuant to 42 U.S.C. § 1983. *Id.* at 3.

Plaintiff's claims are somewhat difficult to decipher. In the section of the form complaint designated for his statement of claim, plaintiff writes, in its entirety:

> Color of Law Denied Due Process unlawful[] search and seizure civil abuse by force with deadly force using a taser, unlawful restraint by using a medical facility to detain me AG[A]INST my consent for 7 days using the courts [o]f Miss[]ouri to s[ei]ze my property by bond and using the State [o]f Miss[]ouri courts to seize my legal status by requisite and stating I was a Stranger of Missouri and forced tribunal striping [sic] my rights.

> September 25 1975, Long abuse of State of Miss[]ouri misuse of Law and theft of my property being abused by local Government authorities using a Body of Law to adjudicate upon me a long line [o]f abuses which includes allowing me to be attacked by fellow citizens under orders of the President and CONGRESS failing to PROTECT LIFE and allowing a WAR to be waged on the citizens of the State of Miss[]ouri and allowing Executive Order 9397 to be ex[e]cuted upon me and brother knowing.

> Have a full requisite case of the abuse and knowing violations which was perpetrated by the officials in the States Government allowing such abuse of the citizens and I to co[]ntinue knowing by dismissel [sic] of what was asserted in the court to be used as law which will reveal the extend [sic] these abuse happen[e]d, and the State allowed by Executive Order 9397 a long line [o]f abuse to be conducted on me as a research subject using local Government authorities to execute an attack on me and my family through[] Executive Order and have provided requisite document for further review.

Doc. [1 at 4].

Plaintiff describes his injuries as "PTSD from many years living in fear from being harassed and possibly KILLED and have suffered poison []by the Executive Order 9397 to which I not have flrouis [sic] of the bones." *Id.* at 5. For relief he seeks "immediate protection," "dignity," "a safe life," and thirteen million dollars. *Id.*

3

## Discussion

Having carefully reviewed the instant complaint, the Court finds plaintiff's claims against defendants State of Missouri and Town and Country Municipal Center fail to survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed at this time.

### A. Defendant State of Missouri

Plaintiff's claims against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983").

Additionally, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 2018 WL 2070564, at *1 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit

in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a State waives its immunity to suit in federal court. *Id.* at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983. The United States Supreme Court has determined that 42 U.S.C. § 1983 does not revoke the States' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit.

Specifically, the State's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600.

Thus, because a state is not a "person" for the purposes of § 1983 and a suit against the state is barred by the Eleventh Amendment, plaintiff's claim against the State of Missouri will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### B. Defendant Town and County Municipal Center

Plaintiff's claims against Town and Country, Missouri fail to state a claim and must be dismissed. A local governing body can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Town and Country.

First, plaintiff can show that Town and Country had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from

among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its . . . face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.
> *Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against Town and Country by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an

unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no plausible facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional municipal policy or custom. He has failed to articulate any unconstitutional policy or custom allegedly implemented by officials of the municipality. He also fails to present any facts indicating that Town and Country failed to train its employees. Instead, plaintiff's complaint is largely nonsensical, conclusory, and vague. He complains about "abuse" that has occurred since September of 1975, which included "unlawful search and seizure," "deadly force using a taser," detainment without his consent, and seizure of his property. Plaintiff provides no supporting facts, such as when these incidences occurred. He does not identify who allegedly searched him, detained him, or seized his property. He further asserts that "the President and Congress" allowed him to be attacked and takes issue with "Executive Order 9397."[1] The Court cannot infer the existence of an unconstitutional municipal policy or custom from these unsupported and bizarre allegations.

Because plaintiff has not alleged facts showing an unconstitutional policy, custom, or failure to train on the part of Town and Country, he has not stated a municipal liability claim. Therefore, plaintiff's § 1983 action against Town and Country must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

---

[1] In 1943, President Franklin Roosevelt issued an executive order authorizing federal government agencies who found it necessary "to establish a new system of permanent account numbers pertaining to individual persons, [to] utilize exclusively the Social Security account numbers[.]" Exec. Order No. 9397, 3 C.F.R. (1943–1948 Comp.) 283–284 (1943).

Thus, liberally construing the complaint, plaintiff's allegations against defendant under the FDCPA cannot survive review under 28 U.S.C. § 1915(e)(2)(B), and the Court will dismiss this claim for failure to state a claim and/or legal frivolity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** than an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of December, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE